IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE S. OCHIENO,

    Plaintiff,

vs.                                                    Civ. No. 18-197 KG/KRS

SANDIA NATIONAL LABORATORIES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's Motion to Amend the Complaint (Motion to Amend), filed on April 19, 2018. (Doc. 13). Defendant filed a response on April 26, 2018, and Plaintiff filed a reply on May 14, 2018. (Docs. 14 and 15). Having considered the Motion to Amend, the proposed "Second Amended Complaint," and the accompanying briefing, the Court denies the Motion to Amend.[1]

*A. Background*

Plaintiff brings this employment discrimination lawsuit against Defendant, "a wholly owned subsidiary of Lockheed Martin." (Doc. 14) at 4 n.1. When Plaintiff worked for Defendant, he worked on Kirtland Air Force Base. (Doc. 1-3) and (Doc. 1-4).

---

[1] On March 27, 2018, Plaintiff filed a document entitled "First Amended Complaint" which described changes he wanted to make to his original state complaint. (Doc. 6). If construed as a motion to amend, Plaintiff did not attach a proposed "First Amended Complaint" as required by D.N.M. LR-Cv 15.1 ("A proposed amendment to a pleading must accompany the motion to amend") nor did he provide any explanation for the proposed amendments. Plaintiff later explains in his Motion to Amend that he "drafted the complaint in a rush as [he] was sick…." (Doc. 13) at 1. The Court interprets this comment to mean that Plaintiff did not intend to file the "First Amended Complaint."

On November 25, 2016, the Equal Opportunity Commission (EEOC) mailed to Plaintiff a Dismissal and Notice of Rights letter, which notified Plaintiff that he had 90 days from the receipt of the letter to file a Title VII lawsuit in either federal or state court. (Doc. 15) at 9. Plaintiff claims that he received a right to sue letter in January 2017. *Id.* at 1.

On March 1, 2017, Plaintiff filed a complaint in state court raising the following state claims: breach of implied contract, race discrimination under the New Mexico Human Rights Act (NMHRA), and intentional interference with contractual relations (IICR). (Doc. 1-1) at 4-7. Plaintiff did not bring a Title VII claim or any other federal claim. On February 28, 2018, Defendant removed the lawsuit to federal court on the basis of federal question jurisdiction arising from the fact that Kirtland Air Force Base is a federal enclave subject to exclusive federal jurisdiction. (Doc. 1) at 2.

On March 7, 2018, Defendant filed a motion to dismiss the lawsuit based, in part, on the federal enclave doctrine. (Doc. 4). Under the federal enclave doctrine, "state law that is adopted after the creation of the enclave generally does not apply on the enclave." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012). Instead of responding to the Motion to Dismiss, Plaintiff moved to amend the state complaint in an effort to characterize his state claims as federal claims. (Doc. 13). If Plaintiff succeeds in amending the state complaint, then the federal enclave doctrine does not apply and dismissal on that basis would be improper.

Plaintiff moves to amend his state complaint as follows. First, Plaintiff seeks to base the breach of implied contract claim on Title VII. *Id.* at 3, ¶¶ 7-16. Second, Plaintiff seeks to base the race discrimination claim on Title VII ("42 U.S.C. § 2002e-2(a)(1), (b) and (d)" [sic]) and on a violation of the United States Constitution and First Amendment, presumably, under 42 U.S.C. § 1983. (Doc. 13) at 3-4, ¶¶ 17-26. Finally, Plaintiff seeks to base the IICR claim on "Federal

law," and on a violation of the United States Constitution and First Amendment, also, presumably, under Section 1983. *Id.* at 4-5, ¶¶ 27-33. In bringing the IICR claim, Plaintiff contends, as he did in the state complaint, that Defendant's policies provided he "had a duty to report complaints he had." *Id.* at 4, ¶ 29. Aside from labeling his previous state claims as various federal claims, Plaintiff's allegations in the "Second Amended Complaint" remain the same as in the state complaint. Plaintiff asserts that he did not bring the federal claims in the state complaint "because the complaint was made in state court" and because he did not know about the federal enclave doctrine until Defendant raised it in its notice of removal. (Doc. 15) at 2.

*B. Discussion*

As an initial matter, the Court observes that "[a]lthough a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, [the Tenth Circuit] has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal citations, quotation marks, and alterations omitted).

Under Fed. R. Civ. 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." As the Tenth Circuit has explained,

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). Courts can also properly deny a motion to amend when it appears that a plaintiff is using Rule 15 to "salvage a lost case by untimely suggestion of new theories of recovery," *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); to make the complaint "a moving target," *id.*; or to present "theories seriatim" in an effort to avoid dismissal, *Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citation omitted).

Here, Defendant argues that the Court should deny the Motion to Amend on the grounds of futility, undue delay, and presentation of untimely new theories to avoid dismissal.

*1. Futility*

If a statute of limitations has run on a proposed cause of action, the proposed cause of action is futile unless it relates back to the original complaint under Rule 15(c). *Bell v. City of Topeka, KS*, 279 Fed. Appx. 689, 692 (10th Cir. 2008). A proposed amendment is futile, also, if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a dispositive motion such as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999).

In deciding whether a claim is subject to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### a. Section 1983 Constitutional Claims

Defendant argues that the Section 1983 constitutional claims are futile because they would be subject to a Rule 12(b)(6) dismissal. To state a claim of a constitutional violation under Section 1983, Plaintiff must establish that the alleged constitutional "deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). This "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'…." *Id.* at 50 (citation omitted). In other words, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (citation omitted).

In this case, even viewing the allegations in the "Second Amended Complaint" as true and in the light most favorable to Plaintiff, Plaintiff has not pleaded facts showing that Defendant is a state actor. Instead, according to Defendant, it is wholly owned by a private entity. Consequently, Plaintiff has failed to allege that Defendant acted under color of state law. Accordingly, Plaintiff has not stated a plausible claim under Section 1983 which can survive a Rule 12(b)(6) motion to dismiss. The Court, therefore, concludes that the Section 1983 constitutional claims are futile.

### b. Section 1983 First Amendment Claim

Defendant asserts that even if it was a state actor for Section 1983 purposes, Plaintiff's First Amendment claim is futile because it would be subject, nonetheless, to a Rule 12(b)(6) dismissal. In the First Amendment employee speech context, "[i]f the employee speaks pursuant to his official duties, then there is no constitutional protection…." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202 (10th Cir. 2007) (citation omitted). Apparently, Plaintiff bases his First Amendment claim on his alleged duty to report complaints pursuant to Defendant's policies. (Doc. 13) at 4, ¶ 29. Because Plaintiff allegedly made this speech under a duty to report complaints, Plaintiff spoke pursuant to his official duties. Hence, even viewing Plaintiff's allegations as true and in the light most favorable to Plaintiff, Plaintiff has failed to allege a plausible First Amendment claim which can survive a Rule 12(b)(6) motion to dismiss. Plaintiff's First Amendment claim is futile for this reason as well.

### c. Title VII Claims

Defendant argues further that the statute of limitations would bar the Title VII claims. Plaintiff had 90 days from the date he received the November 25, 2016, EEOC Dismissal and Notice of Rights letter to sue under Title VII in either federal or state court. *See* 42 U.S.C. § 2000e-5(f)(1); (Doc. 15) at 9. Without any supporting evidence, Plaintiff claims that he did not receive the right to sue letter until January 2017 and that he, therefore, timely filed his state complaint within 90 days of the receipt of the right to sue letter, on March 1, 2017. Defendant argues, however, that allowing five days for mailing the right to sue letter, which was mailed on November 25, 2016, the 90-day period for filing a Title VII lawsuit would have expired on February 28, 2017, prior to the filing of the March 1, 2017, state complaint.

When the receipt date for an EEOC right-to-sue letter is unknown or disputed, the Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption" for mailing time. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001). That presumption may be rebutted by evidence such as "affidavits stating personal knowledge of the receipt date." *Id.* at 1165-66 ("The key question, then, is whether the DOJ successfully rebutted this presumption of delivery.").

Here, aside from his self-serving and unsworn statement, Plaintiff has not provided an affidavit or any other evidence to rebut a five-day or three-day mailing time presumption. Applying the five-day mailing time presumption, the statute of limitations expired on February 28, 2017, before Plaintiff filed his state complaint. Alternatively, Plaintiff seems to argue that his Title VII amendments are not time-barred by the statute of limitations because they can relate back to the state complaint under Rule 15(c)(1)(B) (amendment relates back to original pleading when "the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). Under that scenario, Plaintiff's Title VII claims would be deemed to have been filed in the state complaint on March 1, 2017. As noted above, the statute of limitations expired on February 28, 2017, prior to the filing of the March 1, 2017, state complaint. Thus, a relation back would not place the Title VII claims within the statute of limitations period. *Cf. Eisenhour v. Weber Cty.*, 739 F.3d 496, 507 (10th Cir. 2013) (holding that relation back applied when original complaint filed within statute of limitations period for claim plaintiff sought to add by amendment to complaint). For the foregoing reasons, the statute of limitations bars the Title VII claims regardless of a relation back.

In sum, Plaintiff attempts to raise futile federal claims in his "Second Amended Complaint." Consequently, the Court will deny the Motion to Amend on that basis.

*2. Undue Delay*

Even assuming Plaintiff's federal claims are not futile, Defendant argues that the Court should deny the Motion to Amend because of undue delay. In this case, Plaintiff knew the facts upon which the proposed amendments are based when he filed the state complaint. Indeed, the "Second Amended Complaint" contains the same factual allegations as the state complaint. Plaintiff does not provide an adequate explanation for failing to include the federal claims in the state complaint except to state that the original complaint was filed in state court. Title VII and Section 1983 claims, however, can be filed in state court. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821(1990) (holding "that Congress did not divest the state courts of their concurrent authority to adjudicate federal [Title VII] claims"); *Kennedy v. Dexter Consol. Sch.*, 2000-NMSC-025, ¶ 9, 129 N.M. 436 ("State and federal courts share concurrent jurisdiction over Section 1983 claims for the denial of federal constitutional rights."). Plaintiff's inexcusable delay in seeking to amend his state complaint constitutes another reason for denying the Motion to Amend.

*3. Moving Target*

Rather than respond to the Motion to Dismiss, Plaintiff is now attempting to avoid a dismissal by moving to amend the complaint to assert federal claims that he could have raised prior to the filing of the Motion to Dismiss. In other words, Plaintiff seeks to make the complaint "a moving target" in an effort to save his case from dismissal. Plaintiff cannot use Rule 15 in that manner. *See Viernow*, 157 F.3d at 800 (holding plaintiff cannot "salvage a lost case by untimely suggestion of new theories of recovery" and court need not grant motion to

8

amend which would create "moving target"); *Pallotino*, 31 F.3d at 1027 (holding plaintiff cannot amend complaint to present "theories seriatim" in effort to avoid dismissal) (citation omitted). For this additional reason, the Court will deny the Motion to Amend.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Amend the Complaint (Doc. 13) is denied.

_____
UNITED STATES DISTRICT JUDGE