IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE S. OCHIENO,

    Plaintiff,

vs.                                                              Civ. No. 18-197 KG/KRS

SANDIA NATIONAL LABORATORIES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss, filed March 7, 2018. (Doc. 4). *Pro se* Plaintiff did not file a response, but Defendant filed a reply on April 4, 2018.[1] (Doc. 10). Having reviewed both the Motion to Dismiss and the reply, the Court grants the Motion to Dismiss.

*A. Background*

Plaintiff brings this employment discrimination lawsuit against his employer, Defendant. When Plaintiff worked for Defendant, he worked on Kirtland Air Force Base, a federal enclave. (Doc. 1-3) and (Doc. 1-4).

---

[1] The Court notes D.N.M. LR-Cv 7.1(b) states that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Although Plaintiff did not file a response, the Court, nonetheless, will consider the merits of the Motion to Dismiss. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) (holding that court "cannot . . . grant a motion to dismiss or a motion for summary judgment based solely on plaintiff's failure to respond and must consider the merits of the motion"). The Court observes that generally "*pro se* parties [must] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On March 1, 2017, Plaintiff, through counsel, filed in state court a "Notice of Appeal and Complaint for Discrimination, Breach of Implied Contract, Intentional Interference with Contractual Relations and Wrongful Termination" (Complaint). (Doc. 1-1) at 4-7. In Count I of the Complaint, Plaintiff alleges a breach of an implied employment contract based on Defendant's personnel manual. In Count II, Plaintiff alleges race discrimination under the New Mexico Human Rights Act (NMHRA). And, finally, in Count III, Plaintiff alleges intentional interference with contractual relations (IICR).

On February 28, 2018, Defendant removed the lawsuit to federal court on the basis of federal question jurisdiction arising from the fact that Kirtland Air Force Base is a federal enclave subject to exclusive federal jurisdiction. (Doc. 1) at 2.

On March 7, 2018, Defendant filed this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 4). Defendant argues, first, that the federal enclave doctrine bars Counts I, II, and III. Second, Defendant argues that the IICR claim raised in Count III also fails to state a claim under New Mexico law.

B. *Standard of Review*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads

facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

C. Discussion

    1. Counts I, II, and III: Federal Enclave Doctrine

Under the federal enclave doctrine, "state law that is adopted after the creation of the enclave generally does not apply on the enclave." *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012). Only state law existing at the time of the creation of the federal enclave "remains enforceable." *Id.* at 1237 (citation omitted). In this case, Kirtland Air Force Base, where Plaintiff worked for Defendant, was established in 1954 as a federal enclave. *Id.* at 1236.

With respect to Count I, "New Mexico did not recognize an implied contract for employment arising from an employment manual until 1980." *Allison*, 689 F.3d at 1243. Because this type of breach of implied contract claim did not exist prior to the creation of Kirtland Air Force as a federal enclave in 1954, the breach of implied contract claim in this case is not enforceable under the federal enclave doctrine. As such, Count I does not state a plausible breach of an implied contract claim.

As to Count II, the New Mexico legislature did not enact the NMHRA until 1969. *See* NMSA 1978, §§ 28-1-1 to 28-1-14 (2012 Repl. Pamp.); *Human Rights Comm'n of New Mexico v. Bd. of Regents of Univ. of New Mexico Coll. of Nursing*, 1981-NMSC-026, ¶ 9, 95 N.M. 576 (referring to 1969 New Mexico Human Rights Act). As with breach of implied contract claims arising from a personnel manual, NMHRA claims did not exist prior to the creation of Kirtland

3

Air Force as a federal enclave in 1954. Hence, Plaintiff's NMHRA claim is not enforceable under the federal enclave doctrine. Count II, therefore, does not state a plausible NMHRA claim.

Finally, regarding Count III, the Court notes that New Mexico did not recognize "the tort of interference with an existing contract" until 1959. *M & M Rental Tools, Inc. v. Milchem, Inc.*, 1980-NMCA-072, ¶¶ 12-13, 94 N.M. 449 (citing *Wolf v. Perry*, 1959-NMSC-044, ¶ 18, 65 N.M. 457 ("The general rule is that one who, without justification or privilege to do so, induces a third person not to perform a contract with another, is liable to the other for the harm caused thereby.")). IICR claims, likewise, did not exist prior to the creation of Kirtland Air Force Base as a federal enclave in 1954. Consequently, the IICR claim in Count III is not enforceable under the federal enclave doctrine. Accordingly, Count III fails to state a plausible IICR claim.

 2. *Count III: New Mexico Law*

In addition to arguing that Count III is subject to a Rule 12(b)(6) dismissal under the federal enclave doctrine, Defendant argues that Count III is subject to a Rule 12(b)(6) dismissal for failure to state a plausible IICR claim under New Mexico law. In New Mexico, "to prove intentional interference with a contract, a plaintiff must establish that the defendant, without justification or privilege to do so, induces a third person not to perform a contract with another." *LensCrafters, Inc. v. Kehoe*, 2012-NMSC-020, ¶ 39, 282 P.3d 758 (citation omitted). Here, Plaintiff does not contend that Defendant induced a "third person" to not perform a contract with Plaintiff or another. Instead, Plaintiff complains in Count III that Defendant breached its employment contract with Plaintiff by targeting employees, like Plaintiff, who criticized supervisors. (Doc. 1-1) at 7, ¶¶ 30-33. These allegations, even if accepted as true and construed in Plaintiff's favor, do not state a plausible IICR claim under New Mexico law.

*3. Conclusion*

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. Consequently, Plaintiff's lawsuit will be dismissed with prejudice under Rule 12(b)(6).

IT IS ORDERED that

1. Defendant's Motion to Dismiss (Doc. 4) is granted; and

2. this lawsuit will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE